## Ex Parte Carreras.

### Appeal from the District Court of San Juan.

No. 77.—Decided June 2, 1904.

DOMINION TITLE.—Dominion titles cannot be granted in a proceeding therefor when the time of the possession of the petitioner is not shown, nor that of the predecessor in interest, nor whether or not they had a right to such possession or title thereto, which requisites are necessary to prove the acquisition of ownership by means of ordinary prescription.

#### STATEMENT OF THE CASE.

This is a case prosecuted in the District Court of San Juan by Mariana Carreras y Morales to obtain a dominion title to a rural estate, now pending before us on appeal taken from the judgment rendered by the said district court, a copy of which reads as follows:

"San Juan, Porto Rico, June 30, 1903.—Mariana Carreras Morales, widow of Martín Rodríguez, claims to be the owner, and has been in possession for more than six years, of a rural estate situated in the *barrio* of Cacao, of Carolina, consisting of 78.5 *cuerdas* of land of the third class, bounded on the east by the Quebrada Grande known as 'Maracuto,' land of Juan del Carmen Iraldo and Juan Iraldo, on the south by lands of the said Juan del Carmen, the estate of Celso Colón, Dionisio Colón, Juan Iraldo Ortega, estate of Magdaleno Arroyo, and the estate of Pascasio Reyes; on the north by lands belonging to Alejandro Benítez, the estate of Narciso Rivera, the estate of Vicente Rivera, and lands of Patricio Sosa; and on the west by the Quebrada Pastrana and lands of Pedro González 2nd, the value of said tract of land being seven hundred dollars, seventy *cuerdas* of which he acquired by purchase from his son Gerónimo Rodríguez, who died without issue. Five *cuerdas* thereof were acquired by purchase from Vicente Iraldo who died leaving heirs, and 3.77 *cuerdas* were acquired from Rita Arroyo, who also died leaving heirs. There is situated upon the land a one-story house built of lumber and thatch valued at fifty dollars; and petitioner having no written title brings this action to establish his ownership thereof.

"The petition in this proceeding having been heard, the Department of Justice and the adjoining property owners having been cited, and the notices having been attached to the record, three witnesses testified that the facts set out in the petition are true, that the property was acquired from the three persons indicated, in the manner described, and that the house referred to, and situated upon the property, belongs to the petitioner, and that he has been in the quiet and peaceable possession of the same without interruption by any one.

"The evidence having been rationally considered, the ownership does not appear to have been proved, for which reason the dominion title sought cannot be granted. We hold that the dominion title sought should not be granted. Thus it was decided, and the judges of the court sign before me, to which I certify. Juan Morera Martínez, Frank H. Richmond, Angel García.—Luis Méndez Vaz."

From the foregoing judgment counsel for petitioner took an appeal, which was allowed, both for a stay of proceedings and review, and the record having been sent up to this court,

and the parties having been summoned and cited, and the appellant having appeared, the proper procedure was followed in the appeal, and a day was set for the hearing, at which only the *fiscal* of this Supreme Court was present to oppose the appeal.

*Mr. Emigdio S. Ginorio,* for appellant.

*Mr. del Toro, Fiscal,* for the People.

MR. JUSTICE QUIÑONES, after making the foregoing statement of facts, delivered the opinion of the court.

We accept the findings of fact contained in the judgment appealed from.

In this proceeding the evidence is not sufficient upon which to grant a dominion title to the petitioner Mariana Carreras, since although in her petition in these proceedings she alleges that she has been in possession of the lands described for more than six years, the witnesses introduced do not confirm such allegation, but only testify that Mariana Carreras y Morales is the owner of the rural estate involved in this proceeding, and that she acquired the same from the possessors thereof and under the circumstances alleged by the petitioner, but without saying anything with respect to the length of time she has been in possession of the said lands, nor in regard to the length of time her predecessors in interest may have been in possession thereof, nor whether or not they had a right to such possession or title therefor, which requisites are necessary to prove the acquisition of the ownership of the real estate by means of ordinary prescription.

In view of article 395 of the Mortgage Law and Judicial Order of April 4, 1899, we adjudge that we should affirm, and do affirm, the judgment appealed from, with costs to the appellant.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.